IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10396

_____


MARIA LOURDES JARAMILLO, also known as
Mary Lou Jaramillo,

                              Plaintiff-Appellant,

v.

TEXAS WICHITA COUNTY, also known as The
County of Wichita, Texas, a Governmental
Entity, a political Subdivision of the
State of Texas and an Employer; JAMES
BURGESS,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(7:94-CV-076-X)
_____
December 5, 1995
Before KING, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

        We have carefully considered the plaintiff-appellant's

brief, heard argument and reviewed the plaintiff's first amended

complaint.  We agree with the district court that the plaintiff

has failed to state a claim upon which relief can be granted.  In

---

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

her brief, plaintiff relies heavily on the Supreme Court's opinion in <u>Landgraf v. USI Film Products</u>, 114 S. Ct. 1483 (1994). <u>Landgraf</u>, however, did not change the elements of a cause of action under Title VII. After <u>Landgraf</u>, it remains the case that a plaintiff must show some adverse employment action, i.e., unlawful discrimination in the "terms, conditions, or privileges of employment," as a predicate for recovery. 42 U.S.C. § 2000e-2(a) (1994). Plaintiff here has not alleged any adverse employment action. The only material in her first amended complaint that even comes somewhat close is the arguable allegation that she was harassed because of her national origin. But the level of harassment alleged is not sufficient to be actionable. <u>See</u> <u>DeAngelis v. El Paso Municipal Police Officers Ass'n</u>., 51 F.3d 591, 594 (5th Cir. 1995).

AFFIRMED.